Amet, wife et al. vs. Boyer.

---

## No. 9140.

### VOLCY AMET, WIFE ET AL. VS. J. A. BOYER, ADMINISTRATOR.
### SAME VS. J. A. BOYER, TUTOR.
### SAME VS. A. L. BOYER, TUTOR.

Where parties to several suits pending submit their differences to an amicable compounder, with a stipulation that the suits are withdrawn and considered as not filed, the issues in the suits are not open to judicial determination, notwithstanding there is a provision in the act of submission for an appeal. The finding of the amicable compounder cannot be reviewed for errors of fact or law, but only when he is charged with exceeding his authority, or irregularity in his proceedings.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Cullom,* Judge *ad hoc.*

*Thorpe, Peterman & Thorpe; A. H. Bordelon* and *E. Sabourin* for Plaintiff and Appellant.

*Albert Voorhies* for Defendants and Appellees.

---

The opinion of the Court was delivered by

TODD, J.   These three cases have, by consent of parties, been cumulated and submitted as one cause.

They are closely connected and have grown out of oppositions filed by the plaintiff herein to accounts respectively of the administration of her father's succession, to that of her former tutor and to one of the tutorship of her deceased sister, Laure Amet.

During the pendency of this litigation, the parties agreed to submit their differences to the decision of an amicable compounder.

The following is the agreement:

"In order to dispose of all differences and disagreements between the undersigned heirs of succession of Palmyre Boyer and Eugene Amet, growing out of the settlement of said successions and the administrators and tutors of said heirs, and in order finally to settle said successions, without litigation, they hereby agree:

"1. That A. L. Boyer returns to said heirs the thirty-seven and one-half acres of land, bought by him in 1878, and that *said sale to him is hereby annulled,* reserving to A. L. Boyer all rights he had, or may have had, at the time of sale of said land.

"2. *In consideration of the foregoing,* all matters now in dispute and in litigation between the said heirs and the said A. L. Boyer and J. A. Boyer, administrator and tutors aforesaid, shall be referred to and are hereby referred to *an arbitrator, who shall be clothed with the powers of an amicable compounder,* authorized to settle all accounts between them, and matters growing out of the administration of the aforesaid successions and tutorships; *it being the intent and purpose of this submission* that the accounts of said administration and tutorship shall be settled *in a spirit of fairness and liberality to all parties; and, to this end, the arbitrator aforesaid is authorized, in settlement of said accounts, to abate from the strictness of the law.*

"3. It is agreed that *all suits* and *final tableaux* growing out of or connected with said successions, shall be *withdrawn and treated as not filed.*

"4. It is further agreed that the within *submission* shall have the effect of a *transaction or compromise,* entered into for the purpose of avoiding litigation; and that the matters herein, to be adjudicated upon shall be referred to Hon. A. B. Irion, who is hereby agreed upon as the party who is to act as arbitrator, *from whose decision such party shall have the right to an appeal to the Supreme Court of this State.*

"It is further agreed that said arbitrator shall make his return at his earliest convenience, giving time and notice to the parties hereto, of the day upon which he will hear them, or their attorneys, in support of their respective claims."

An award was made in due time by the amicable compounder or arbitrator named, the nature or substance of which it is unnecessary to state.

After the award was made plaintiff took a rule on the defendants, before the district court, to have the same homologated and made the judgment of the court.

This was opposed by the defendants on several grounds, which, on trial, were overruled and the rule made absolute, and the award homologated.

Thereupon, the plaintiff took an appeal from this judgment homologating the award, which is the one before us.

The counsel for the defendants and appellees opposed any review by this Court, of the merits of the original controversy between the parties, upon the ground that the finding of the amicable compounder upon all matters of fact and law submitted to him was, under the law, final and conclusive, and, for the further reason, that the plaintiff and appellant had expressly ratified and approved the award by her petition or rule taken for its homologation, and that the only matter that could be considered by us was whether the judgment of homologation was in conformity to the award.

The contention of the plaintiff and appellant, on the other hand, is that the right of appeal to this Court was expressly provided by the terms of the agreement, and the rule taken for the homologation of the award was mainly for the purpose of procuring a judgment thereon, from which the plaintiff could appeal, or in other words, as a preliminary step to the exercise of the right to appeal reserved to her in the agreement for submission.

It is certain that the person to whom the differences of the parties were submitted for settlement was expressly clothed with all the power and authority of an amicable compounder, and it is equally certain that, in the absence of any restrictive clause, his finding cannot be altered or reviewed by any court, save and except where it is charged and appears that the compounder has transcended his authority or has proceeded irregularly in the discharge of his duties.   C. C. 3110; C. P. 459, 460; 31 A. 336, and case Board Admins. vs Kiddell, recently decided but not yet reported.

It is, however, contended that such restrictive clause is found in that part of the agreement which reserves to the parties an appeal to this Court, and that the agreement for submission must be considered as a whole.

It might be argued that the clause or reservation in question was not intended to contravene the law, with respect to the power or authority of amicable compounders, or to lessen the effect that the law would ascribe to their award as to all questions submitted to them, but only to affirm the right to an appeal to a court where they, the compounders, had been charged with usurpation or irregularity in their proceedings.   Without such affirmative expression, the right of appeal

Amet, wife et al. vs. Boyer.

for such purpose and to this extent would exist and could be expected. The law concedes it without any agreement.

But a reference to another clause in the act of submission removes all doubt as to the intentions of the parties on this point, and affords conclusive evidence that it was not their design to limit or diminish the legal effect of the finality of the award by their agreement, as to the law or the facts, or to enlarge the scope of any judicial review or determination with respect to the award, and that clause is the third one in the act, which declares "that all suits and final tableaux growing out of or connected with said succession shall be withdrawn and treated as not filed."

The suits and tableaux referred to are the identical ones which are now presented to us by the appellant for our review and determination. How can we consider them or the issues they involve, when the parties themselves have withdrawn them and treated them as not filed?

Whatever the award might be it is manifest that the controversy between the parties, as it existed under the proceedings, suits and pleadings mentioned, had ended forever and could not be revived by the award, nor thereafter made subject of judicial determination, by appeal or otherwise. Even the amicable compounder himself in the face of this agreement, in dealing with the differences of the parties, was not bound by the proceedings nor confined to the issues therein specially raised. Besides, by an express stipulation in the agreement, the submission itself was to have the effect of a compromise or transaction which ended the controversy raised by the suits.

Under this view of the case, it is clear that we cannot proceed to the investigation of matters of controversy involved in suits and proceedings which the parties themselves have dismissed and, therefore, no longer exist.

The only question we find open for our consideration and determination is whether the judgment appealed from is in accordance with the award and whether the amicable compounder transcended the limits of his authority or was guilty of any illegality or irregularity in his proceedings.

After an attentive examination of the record, we are brought to the conclusion that the judgment exactly conforms to the award as it simply homologates it and that the amicable compounder, in passing on and adjusting the differences of the parties, seems to have kept within the terms of the submission and the restrictions of the law.

In fact, he is not charged by either party with any dereliction in this respect, the complaints against the award being confined to alleged errors of fact.

The judgment appealed from is, therefore, affirmed, with costs.